UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT SHOWS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | Civil Action Number |
| ) | **2:18-cv-01692-AKK** |
| **REDLINE TRUCKING, LLC ET AL.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

Robert Shows sustained injuries after his vehicle collided with a vehicle owned by Redline Trucking, Inc. and operated by Adil Dumanjic. Doc. 1-1 at 4-5. Shows filed a lawsuit in the Circuit Court of Jefferson County, Alabama, alleging claims for negligence and wantonness (Count I), respondeat superior (Count II), and negligent/wanton hiring, training, and retention (Count III).[1] Doc. 1-1. Redline Trucking subsequently removed the action to this court, citing diversity jurisdiction. *See* doc. 1 at 3-6. Redline Trucking filed a motion for summary judgment, doc. 21,

---

[1] Shows pleads a claim in Count IV against fictitious parties whose conduct purportedly "combined and concurred to directly or proximately cause [Shows] injuries." Doc. 1-1 at 7. There is no fictitious party practice in federal court unless a plaintiff can specifically describe or identify the defendant. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010); *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997). Shows has not done so, and he abandoned this claim in his briefing. *See generally* docs. 24 and 27. Therefore, the court will only address the claims against the named defendants.

which is fully briefed, docs. 27; 28, and ripe for consideration. After carefully reviewing the briefs, evidence, and relevant law, Redline's motion, doc. 21, is due to be denied as to Shows' negligence, wantonness, and respondeat superior claims pleaded in Counts I and II, and granted as to the negligent/wanton hiring, supervision, and retention claims in Count III.

## I.

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "Rule 56[] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (alteration in original). The moving party bears the initial burden of proving the absence of a genuine issue of material fact. *Id*. at 323. The burden then shifts to the nonmoving party, who is required to "go beyond the pleadings" to establish that there is a "genuine issue for trial." *Id*. at 324 (citation and quotation marks omitted). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

On summary judgment motions, the court must construe the evidence and all reasonable inferences arising from it in the light most favorable to the non-moving party. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Anderson*, 477 U.S. at 255. Any factual disputes will be resolved in the non-moving party's favor when sufficient competent evidence supports the non-moving party's version of the disputed facts. *See Pace v. Capobianco*, 283 F.3d 1275, 1276, 1278 (11th Cir. 2002) (a court is not required to resolve disputes in the non-moving party's favor when that party's version of events is supported by insufficient evidence). However, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam) (citing *Bald Mountain Park, Ltd. v. Oliver*, 863 F.2d 1560, 1563 (11th Cir. 1989)). Moreover, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 252)).

## II.

This case arises out of an automobile collision that occurred when Shows crashed into Redline Trucking's tractor-trailer that Dumanjic had parked in an active lane of travel on a two-lane highway one early morning before sunrise. Docs. 27 at 65-71, 83, 85, 87; 21 at 36. Shows, who had his headlights on, hit the tractor-trailer

when he turned left onto the highway after stopping at a stop sign. Doc. 21 at 32. The trailer, which had stopped in the right-hand lane of the highway, doc. 27 at 65-71, 83, 85, and 87, did not have any lights illuminated, doc. 21 at 34. It did, however, have reflective tape and plastic reflectors on the back of the trailer. Doc. 21 at 39. After the collision, Dumanjic, who had not set up emergency reflectors or flares in the roadway to alert drivers to the stopped vehicle, doc. 27 at 65-71, 83, 85, and 87, exited the trailer's cab, explained to Shows that he had stopped due to an electrical emergency, and returned to the cab, doc. 21 at 34. The parties dispute whether two gas stations and a McDonald's at the intersection cast sufficient light to illuminate the roadway that morning. Doc. 21 at 5, 33.

The speed limit at the intersection was thirty-five (35) miles per hour, though Shows cannot remember his speed or whether he was accelerating, decelerating, or traveling at a steady pace when he hit the tractor-trailer. *Id.* at 37. Shows does not recall whether he swerved or braked to avoid the trailer. *Id.* Shows denies being distracted and claims that his ability to see the trailer was disrupted by the darkness of the early morning and lack of emergency markers in the road or lights on the trailer. *Id.* at 42. Shows seeks damages for injuries he allegedly sustained from the collision, including a broken clavicle and pain in his neck and left arm. *Id.* at 27.

## III.

The court turns now to Redline Trucking's motion for summary judgment.

The court considers Counts I (negligence and wantonness) and II (respondeat superior) in tandem, before turning to the negligent/wanton hiring, training, and supervision claim in Count III. Because this action is based on diversity jurisdiction, the court applies Alabama's substantive law.

### A.

In Count I, Shows pleads negligence and wantonness on the part of Dumanjic, claiming Redline Trucking is vicariously liable for Dumanjic's actions. Doc. 1-1 at 3-6.[2]

### i.

Redline Trucking asserts that the negligence claim fails due to Shows' contributory negligence. Doc. 21 at 10-13. To sustain a negligence claim under Alabama law, a plaintiff must establish "a legal duty owed to the [plaintiff] or to a

---

[2] Although the court has dismissed the claims against Dumanjic, *see* doc. 29, Redline Trucking remains open to liability for Dumanjic's actions. Under Alabama law, "[t]he vicarious liability of a putative master under the rule of respondeat superior depends upon the liability of the putative servant . . . if a putative servant is not liable . . . no liability exists to be visited upon the putative master under the rule of respondeat superior." *Hollis v. City of Brighton*, 885 So. 2d 135, 141-42 (Ala. 2004). The Alabama Supreme Court has indicated on multiple occasions that vicarious liability does not attach to employers where the agent enjoys immunity. *Indus. Dev. Bd. Of City of Montgomery v. Russell*, 124 So. 3d 127, 137 (Ala. 2013) (citing *Wheeler v. George*, 39 So. 3d 1061 (Ala. 2009). This reasoning extends to cases in which the court has dismissed the claims against the agent with prejudice due to a finding on the merits. *See Crete Carrier Corp. v. Adair*, 792 So. 2d 429, 430 (Ala. Civ. App. 2000). But where the dismissal of an employee does not result in an adjudication on the merits, the plaintiff may still hold the employer liable for its employee's acts under respondeat superior. *See Dolgencorp, LLC v. Spence*, 224 So. 3d 173, 179 (Ala. 2016). The dismissal of Dumanjic due to Shows' failure to effect timely service, is not an adjudication on the merits, and does not absolve Redline Trucking from liability for Dumanjic's actions.

class of persons to which the plaintiff belongs, and a breach of that duty, proximately resulting in the injury." *Graveman v. Wind Drift Owners' Ass'n, Inc.*, 607 So. 2d 199, 203 (Ala. 1992). A vehicle operator owes a duty to use reasonable care in operating the vehicle. *Jones v. Baltazar*, 658 So. 2d 420, 421 (Ala. 1995). But "[c]ontributory negligence is an affirmative and complete defense to a claim based on negligence." *Serio v. Merrell, Inc.*, 941 So. 2d 960, 964 (Ala. 2006). To establish contributory negligence, a defendant must prove "that the plaintiff 1) had knowledge of the dangerous condition; 2) had an appreciation of the danger under the surrounding circumstances; and 3) failed to exercise reasonable care, by placing himself in the way of danger." *Serio*, 941 So. 2d at 964. "[Q]uestions of negligence incorporate factual evaluations that are almost always within the province of the jury [and therefore] summary judgment based on the doctrine of contributory negligence is seldom proper." *Gulledge v. Brown & Root, Inc.*, 598 So. 2d 1325, 1330 (Ala. 1992) (citing *Osmer v. Belshe Industries, Inc.*, 585 So. 2d 719 (Ala. 1991) and *Jones v. Power Cleaning Contractors*, 551 So. 2d 996 (Ala. 1989)). A court may find contributory negligence on summary judgment only when "the facts are such that all reasonable people would logically have to reach the conclusion that the plaintiff was contributorily negligent." *Serio*, 941 So. 2d at 964.

Redline Trucking argues that any reasonable juror would find that Shows was contributorily negligent because Shows' headlights and the alleged ambient light

cast by the surrounding businesses "should have [enabled Shows] to see the large trailer with reflective tape . . . had he been paying attention." Doc. 21 at 11-12. This contention is unavailing because it requires the court to accept Redline's version of the facts. The court cannot do that because Shows disagrees that the surrounding businesses sufficiently illuminated the road way. Taking the facts in the light most favorable to Shows, as the court must do, Dumanjic stopped the trailer in an active lane of traffic on a dark morning and failed to illuminate the trailer's lights or set out emergency signals in the road. Doc. 27 at 65-71, 83, 85, and 87. In addition to the dispute regarding the amount of ambient light the surrounding businesses cast, the parties disagree whether Shows' inattentiveness caused the collision. Moreover, that Shows had illuminated his headlights and the trailer was equipped with reflectors do not prove that Shows knew of and appreciated the danger of the parked trailer, or that he failed to exercise reasonable care.

To close, Shows' purported contributory negligence hinges on whether the trailer was sufficiently visible on the night of the collision. Accordingly, in light of the parties' conflicting evidence on this issue, the motion as to the negligence claims pleaded in Counts I and II against Redline Trucking is due to be denied.

### ii.

Under § 32-1-2, to prevail on his wantonness claim, Shows must provide substantial evidence that Dumanjic engaged in "willful or wanton misconduct." *Ala.*

7

*Code* § 32-1-2. Wantonness requires "the conscious doing of some act or the omission of some duty while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Ex parte Essary*, 992 So. 2d 5, 9-10 (Ala. 2007). Shows does not need to show that "the actor kn[ew] that a person [wa]s within the zone made dangerous by his conduct" or that the actor "entertained a specific design or intent to injure the plaintiff" to prove wantonness. *Id.* Rather, Shows need only show that "the actor is 'conscious' that injury will likely or probably result from his actions." *Id.* Demonstrating this consciousness of injury requires Shows to overcome a rebuttable presumption of Dumanjic's instincts for self-preservation. *Id.* at 12. In the context of an automobile accident, this entails showing that Dumanjic was either so dispossessed of his "normal faculties, such as from voluntary intoxication [that he was] indifferent to the risk of injury to himself" or that his act was "so inherently reckless" that he showed "depravity consistent with disregard of instincts of safety and self-preservation." *Id.* Put simply, a wantonness determination is wholly fact-dependent. *Central Alabama Electric Cooperative v. Tapley*, 546 So. 2d 371 (Ala. 1989).

As a fact-dependent inquiry, wantonness is a question for the jury, and a court may grant summary judgment only when "there is a total lack of evidence from which the jury can reasonably infer wantonness." *Cash*, 603 So. 2d at 1003. Alabama courts have denied summary judgment when "fairminded persons in the exercise of

impartial judgment could reach different conclusions as to the existence of wantonness." *Berry v. Fife*, 590 So. 2d 884, 887 (Ala. 1991). And, denial is proper where either a jury could reach different conclusions on whether the undisputed facts constitute wantonness[3] or there is a material dispute regarding whether the driver engaged in wanton behavior.[4]

Based on the record, the court cannot find as a matter of law that there is "a total lack of evidence from the jury can reasonably infer wantonness." *Cash*, 603 So. 2d at 1003. Shows claims that Dumanjic stopped his trailer in a lane of travel on a dark morning without illuminating any lights or creating an indication of an emergency. Doc. 27 at 65-71. Although Redline Trucking denies both contentions, doc. 21 at 10, 14, the court must view the facts in the light most favorable to Shows. Doing so, the court finds that a reasonable juror could deem Dumanjic's alleged

---

[3] *See Johnson v. Baldwin*, 584 F. Supp. 2d 1322, 1328 (M.D. Ala. 2008) (holding a jury could find the *Essary* self-preservation presumption rebutted by the recklessness of the defendant's behavior where he drove backwards on a high-speed interstate highway); *Coleman v. Smith*, 901 So. 2d 729 (Ala. Civ. App. 2004) (jury question on wantonness where driver drove at high speed and was traveling down the middle of a road, forcing him to swerve to avoid oncoming traffic); *Clark v. Black*, 630 So. 2d 1012, 1016 (Ala. 1993) (defendant either ignored a stop sign or entered an intersection at a dangerously high rate of speed, despite knowing the intersection had diminished visibility of oncoming traffic due to a hillcrest); *Sellers v. Sexton*, 576 So. 2d 172 (Ala. 1991) (defendant entered a bridge at or near maximum speed despite knowing a wide turn would obstruct her view of oncoming traffic and bridge had been spread with stone in preparation for bad weather); *McDougle v. Shaddrix* 534 So. 2d 228 (Ala. 1988) (defendant drove in front of truck despite it being no more than 50 feet away from her).

[4] *See, e.g., Allen v. Hill*, 758 So. 2d 574 (Ala. Civ. App. 1999) (genuine issue of material fact existed as to whether driver stopped at a stop sign or sped through an intersection without stopping); *Barker v. Towns*, 747 So. 2d 907 (Ala. Civ. App. 1999) (genuine issue as to whether driver saw a truck approaching and properly yielded).

actions to be inherently reckless and therefore rise to the level of wantonness. Whether the trailer was in the lane of travel and whether the intersection was well-lit are matters for the jury to resolve as the trier of fact. Therefore, the motion on the wantonness claims pleaded in Counts I and II against Redline is also due to be denied.[5]

**B.**

Shows claims in Count III that Redline Trucking engaged in negligent or wanton hiring, training, and retention by failing to "ascertain whether [Dumanjic] was a safe and skillful driver[,] . . . adequately train [Dumanjic] in the safe operation of a motor vehicle[, or] . . . properly supervise [Dumanjic] in his operation of a motor vehicle." Doc. 1-1 at 6. The court agrees with Redline Trucking that Shows cannot bear his burden on these claims. Doc. 21. At 18-20.

---

[5] Redline Trucking also moves for judgment on Shows' punitive damages claim, arguing that the evidence Shows offers in support of his wantonness claim cannot meet the clear and convincing standard. Doc. 21 at 17-18. "Punitive damages may not be awarded in any civil action other than in a tort action where it is proven by clear and convincing evidence that the defendant consciously or deliberately engaged in . . . wantonness . . . with regard to the plaintiff." ALA. CODE § 6-11-20(a). But the clear and convincing standard is reserved for trial—"[i]f a plaintiff presents substantial evidence of a defendant's wantonness, then the court should preserve the issue for the jury's determination." *See Bozeman v. Central Bank of the South*, 646 So. 2d 601, 603–04 (Ala.1994); *see also Shoals Ford v. Clardy*, 588 So.2d 879, 884 (Ala.1991) (holding that normally the question of wantonness is a jury question). Substantial evidence is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." *Von Sury v. Kuehn*, 51 So. 3d 311, 315 (Ala. 2010). Shows' testimony, the affidavits of three witnesses, and photographs of the collision scene and surrounding area constitute the type of evidence that would allow a fair-minded juror to infer facts that would in turn allow that juror to find Dumanjic's actions wanton. Docs. 21 at 54-59; 27 at 65-71, 83, 85, 87, 89. Accordingly, the motion on the claim for punitive damages is due to be denied.

Under Alabama law, the torts of negligent hiring, training, and supervision all require a plaintiff to show that the employee was incompetent to operate a commercial vehicle and that the employer knew, or should have known, of this incompetence. *Southland Bank v. A & A Drywall Supply Co., Inc.*, 21 So. 3d 1196, 1214-15 (Ala. 2008). This entails establishing that "specific acts of incompetency [were within] the knowledge of the master," or that the acts were "of such nature, character, and frequency that the master, in the exercise of due care, must have had them brought to his notice." *Id.* A single act of negligence does not constitute incompetency—"the most competent [person] may [still] be negligent." *Southland Bank*, 21 So. 3d at 1216. Instead, habitual negligence is necessary for conduct to rise to the level of incompetence. *Id.* In the context of a commercial driver, "the incompetence of a driver is measured by the driver's demonstrated ability (or inability) to properly drive a vehicle." *Halford v. Alamo Rent-A Car, LLC*, 921 So. 2d 409, 413-14 (Ala. 2005) (declining to find a driver incompetent for a single non-moving violation).[6]

Shows presents no evidence which would allow a reasonable jury to determine

---

[6] *See also Day v. Williams*, 670 So.2d 914 (Ala.1995) (finding "no evidence indicating that [the driver] was incompetent" where the driver did not have a license but was an experienced adult driver with only one citation for speeding); *Pryor v. Brown & Root USA, Inc.*, 674 So. 2d 45 (Ala.1995) (holding a plaintiff failed to present substantial evidence of incompetence where a driver had a two speeding tickets and a charge for driving under the influence within ten years of the accident); *Thompson v. Havard*, 235 So. 2d 853 (Ala. 1970) (finding a driver incompetent based on eleven moving violations in the space of three years).

that Redline Trucking had any reason to believe that Dumanjic was incompetent to work as a driver. *See generally* docs. 1-1, 27. In his application, Dumanjic reported no accidents or traffic citations for the previous three years. Doc. 21 at 61-66. Prior to hiring Dumanjic, Redline Trucking verified that he had a valid commercial driver's license and a minimum of two years of relevant driving experience. Doc. 21 at 72, 75. Redline then required Dumanjic to undergo driver orientation and pass a road test. *Id.* And while at Redline Trucking, Dumanjic earned only one traffic citation for speeding over a weigh-station scale. *Id*. at 71. This single citation[7] is insufficient to demonstrate Dumanjic's purported incompetency. Therefore, the motion on the negligent or wanton hiring, training, and retention claims is due to be granted.

## CONCLUSION AND ORDER

Consistent with this opinion, Redline Trucking's motion for summary judgment, doc. 21, is **DENIED** as to Count I and II (negligence and wantonness claims and respondeat superior liability) as well as to Shows' claims for punitive damages, and **GRANTED** as to Count III (negligent/wanton hiring, training, and retention). Shows' negligent/wanton hiring, training, and retention claims are

---

[7] Shows also argues that Dumanjic was unable to converse in English and had a criminal history, citing an unverified police report describing an incident in which Dumanjic was arrested for trespassing on his former employer's property. Doc. 27 at 16-17, 91-93. This evidence is irrelevant to Dumanjic's competency as a driver or to Redline Trucking's perception of that competence.

12

**DISMISSED WITH PREJUDICE**.

**DONE** the 18th day of May, 2020.

                                           _____
                                           **ABDUL K. KALLON**
                                       UNITED STATES DISTRICT JUDGE